# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:15CR00027 |
| v. | ) **OPINION** |
| ROGER ALAN COMBS, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Roger Alan Combs, Pro Se Defendant.*

The defendant, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. After reviewing the record, I will dismiss the motion as untimely filed.

I.

I entered Combs' criminal judgment on August 26, 2016, sentencing him to 57 months' incarceration after he pleaded guilty to being a felon in possession of an explosive, in violation of 18 U.S.C. § 842(i), being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Combs did not appeal.

Combs commenced this collateral attack no earlier than January 23, 2018, when he handed the § 2255 motion to prison officials for mailing. See Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions). The court conditionally filed the § 2255 motion, advised him that the § 2255 motion appeared to be untimely, and gave him the opportunity to explain why the court should consider it timely filed. Combs explains in response that he had previously mailed unspecified motions to a state court. ECF No. 74.

II.

Federal inmates in custody may attack the validity of their federal sentences by filing motions pursuant to 28 U.S.C. § 2255 within the one-year limitations period. This period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Combs' criminal judgment became final in September 2016 when the time to appeal to the court of appeals expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Combs had until September 2017 to timely file a § 2255 motion. However, he did not commence this collateral attack until January 2018, well after a year had passed.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). I do not find that Combs pursued his rights diligently or that an extraordinary circumstance prevented him from filing a timely § 2255 motion. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting that pro se status and ignorance of the law does not justify equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (noting that neither unfamiliarity with the law due to illiteracy nor pro se status

tolls the limitations period). Accordingly, Combs is not entitled to equitable tolling, and the § 2255 motion must be dismissed as untimely filed.

III.

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence will be dismissed. A separate Final Order will be entered herewith.

DATED: March 22, 2018

/s/ James P. Jones
United States District Judge